# EXHIBIT A

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | Hearing Date: 8/27/2019 9:30 AM - 9:30 AM |
| 2220 - Not Served | 2221 - Not Served | Courtroom Number: 2008 |
| 2320 - Served By Mail | 2321 - Served By Mail | Location: District 1 Court |
| 2420 - Served By Publication | 2421 - Served By Publication | Cook County, IL |
| **SUMMONS** | **ALIAS - SUMMONS** | |

FILED
4/29/2019 1:06 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH05413
4855072

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

No. **2019CH05413**

The City of Chicago - c/o Law Division

121 N. LaSalle Street, Suite 600

Chicago, Illinois 60602

Jerome Davis, Veronica Walker-Davis, and Spencer Bryd

**(Name all parties)**

v.

The City of Chicago, Illinois

⊙ SUMMONS ◯ ALIAS SUMMONS

**To each Defendant:**

 YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⊙ **Richard J. Daley Center, 50 W. Washington, Room** 802 **, Chicago, Illinois 60602**

◯ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

◯ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

◯ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

◯ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

◯ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60428

◯ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

 This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 47753

Name: Rober J. Pavich, PAVICH LAW GROUP, P.C.

Atty. for: Plaintiffs

Address: 30 West Monroe Street, Suite 1310

City/State/Zip: Chicago, Illinois 60603

Telephone: (312) 690-8400

Service by Facsimile Transmission will be accepted at: _____

**WITNESS,** 4/29/2019 1:06 PM DOROTHY BROWN

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| | |
|---|---|
| 2120 – Served | 2121 – Served |
| 2220 – Not Served | 2221 – Not Served |
| 2320 – Served By Mail | 2321 – Served By Mail |
| 2420 – Served By Publication | 2421 – Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

Hearing Date: 8/27/2019 9:30 AM - 9:30 AM
Courtroom Number: 2008
Location: District 1 Court
    Cook County, IL

FILED
4/29/2019 1:06 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH05413
4855072

2019(11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

No. 2019CH05413

Jerome Davis, Veronica Walker-Davis, and Spencer Bryd

**(Name all parties)**

v.

The City of Chicago, Illinois

No. 2019CH05413

The City of Chicago - c/o Law Division

121 N. LaSalle Street, Suite 600

Chicago, Illinois 60602

## ◉ SUMMONS ○ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

◉ Richard J. Daley Center, 50 W. Washington, Room 802 , Chicago, Illinois 60602

○ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

○ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

○ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

○ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

○ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60428

○ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 47753

Name: Rober J. Pavich, PAVICH LAW GROUP, P.C.

Atty. for: Plaintiffs

Address: 30 West Monroe Street, Suite 1310

City/State/Zip: Chicago, Illinois 60603

Telephone: (312) 690-8400

Service by Facsimile Transmission will be accepted at: _____

4/29/2019 1:06 PM DOROTHY BROWN

WITNESS, _____, _____

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

FILED DATE: 4/29/2019 1:06 PM 2019CH05413

Return Date: No return date scheduled
Hearing Date: 8/27/2019 9:30 AM - 9:30 AM
Courtroom Number: 2008
Location: District 1 Court
         Cook County, IL

FILED
4/29/2019 1:06 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH05413

4855072

FILED DATE: 4/29/2019 1:06 PM  2019CH05413

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| **JEROME DAVIS,** | ) | |
| **VERONICA WALKER-DAVIS,** | ) | |
| **AND SPENCER BYRD,** | ) | |
| | ) | 2019CH05413 |
| Plaintiffs, | ) | No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| **THE CITY OF CHICAGO,** | ) | |
| **ILLINOIS,** | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiffs Jerome Davis, Veronica Walker-Davis, and Spencer Byrd bring this complaint

pursuant to 735 ILCS 5/2-701, 735 ILCS 5/2-801, and 42 U.S.C. § 1983 for declaratory and

injunctive relief against the Defendant, City of Chicago, Illinois, and state as follows.

### INTRODUCTION

1.    This civil-rights lawsuit challenges the constitutionality of Chicago's impound

program, a massive system ensnaring thousands of residents and visitors to the city each year.

Plaintiffs Jerome Davis, Veronica Walker-Davis, and Spencer Byrd (collectively, "Named

Plaintiffs") are Illinois residents who seek declaratory and injunctive relief on behalf of

themselves and all others similarly situated for violations of their rights guaranteed by the Illinois

Constitution and the United States Constitution.

2.    The City of Chicago (the "City") impounds tens of thousands of cars each year,

holding them until owners pay a compilation of fines and fees, both before and after the entry of

3.      final judgment. Owners find themselves in a labyrinthine impound system that is plagued by serious procedural flaws. Even innocent owners get caught up in this system, facing hefty fines and fees when someone else used their car to commit a crime without the car owner's knowledge. That is precisely what happened to Jerome Davis, Veronica Walker-Davis, and Spencer Byrd, innocent car owners who were subjected to thousands of dollars in fines and the seizure of their cars for crimes someone else committed without their knowledge.

4.      In addition to the fine for the offense that subjected the car to impound in the first instance, the City imposes towing fees and rapidly accruing storage fees. A vehicle owner cannot reclaim her car until she pays the full amount of these combined fines and fees. If, for any reason, she does not immediately pay, the storage fees continue to accumulate, making eventual payment even more challenging and burdensome.

5.      Named Plaintiffs bring this class action to declare unconstitutional and enjoin the following policies and practices, which violate their rights under the Illinois Constitution and United States Constitution:

   a.      The City's policy and practice of impounding the vehicles of, and imposing fines and fees on, innocent owners for offenses committed by other people.

   b.      The City's policy and practice of requiring the owner of an impounded vehicle to pay an administrative penalty prior to any final judgment, plus fees that accrue only because the City refuses to release the car, in order to regain possession of their vehicle.

   c.      The City's policy and practice of providing constitutionally inadequate notice to car owners whose vehicles have been impounded and to car

2

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

owners whose vehicles will be disposed of, and of demanding car owners appear in person multiple times to challenge the impoundment of their vehicles.

d.     The City's policy and practice of continuing to hold vehicles as collateral until the owner pays the full amount of fines and fees imposed by the City.

6.     Named Plaintiffs bring this civil-rights lawsuit on behalf of themselves and all others similarly situated under 735 ILCS 5/2-701, 735 ILCS 5/2-801, and 42 U.S.C. § 1983 for claims of declaratory and injunctive relief for violations of their rights.

### JURISDICTION AND VENUE

7.     At all times relevant to this action, the acts complained of have occurred in, or are occurring in, Chicago, Cook County, Illinois.

8.     This action arises under Article I, Section 11 of the Illinois Constitution (Proportionate Penalties Clause); the Eighth Amendment to the United States Constitution (Excessive Fines Clause); Article I, Section 2 of the Illinois Constitution (Due Process Clause); the Fourteenth Amendment to the United States Constitution (Due Process Clause); Article I, Section 6 of the Illinois Constitution (Search and Seizure Clause); the Fourth Amendment to the United States Constitution (Search and Seizure Clause); Article I, Section 12 of the Illinois Constitution (Right to Remedy and Justice); 735 ILCS 5/2-701 (Declaratory Judgment); 735 ILCS 5/2-801 (Class Action); 42 U.S.C. § 1983 (the Civil Rights Act of 1871); 42 U.S.C. § 1988. Plaintiffs seek declaratory and injunctive relief arising from Defendant's unconstitutional policies and practices concerning the impoundment of cars.

9.     This Court has jurisdiction over the subject matter pursuant to Article VI, Section 9 of the Illinois Constitution and 735 ILCS 5/2-209.

3

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

10.     Venue is proper in this Court pursuant to 735 ILCS 5/2-103 because Defendant is a municipal corporation with its principal office in Cook County.

### THE PARTIES

11.     Plaintiffs Jerome Davis, Veronica Walker-Davis, and Spencer Byrd represent a putative class of all individuals who own vehicles that have been or will be impounded by the City of Chicago pursuant to Chicago Municipal Code Section 2-14-132.

### The Plaintiffs

12.     Plaintiffs Jerome Davis and Veronica Walker-Davis are a married couple and are 46 and 51 years old, respectively. They have lived in the greater Chicago area for their entire lives. Ms. Davis, a nurse, is not working due to a back injury, and Mr. Davis drives a truck.

13.     In June of 2018, Chicago police impounded Mr. and Ms. Davis's family car due to the actions taken by a third party without their knowledge or consent.

14.     After it was damaged in an accident, Mr. and Ms. Davis took their family car to the auto shop for repairs. While it was in the shop, a shop employee took the car for a ride without permission. The employee was stopped by police and discovered to be driving on a revoked license. The City impounded the car.

15.     The City forced the Davises to pay $1,170.00 for the return of their vehicle. When they did not pay that amount quickly enough, the City disposed of their car.

16.     Plaintiff Spencer Byrd is 51 years old and has lived in the greater Chicago area for more than two decades.

17.     On June 21, 2016, during a traffic stop for a broken turn signal, Chicago police impounded Mr. Byrd's car after they found drugs on a passenger in his vehicle. The passenger had hired Mr. Byrd to do mechanic work on the man's car, and Mr. Byrd had offered to take him home because the car was broken. Mr. Byrd did not know any drugs were present.

4

FILED DATE: 4/29/2019 1:06 PM    2019CH05413

18.    A Cook County Circuit Court judge ordered that Mr. Byrd's car be returned to him.

19.    Despite this court order, the City has not returned the car and will not allow Mr. Byrd to access his car—or even retrieve his tools, which he needs for his work, from the trunk— unless he pays more than $17,000.

20.    Named Plaintiffs Jerome Davis, Veronica Walker-Davis, and Spencer Byrd represent a putative class of all individuals who own vehicles that have been or will be impounded by Defendant City of Chicago pursuant to Chicago Municipal Code Section 2-14-132.

### Defendant City of Chicago

21.    Defendant City of Chicago (the "City") is a municipality organized under the laws of the state of Illinois.

### FACTUAL ALLEGATIONS

### Chicago's Impound Racket

**Cars are towed for a wide range of activity, and owners face steep fines and fees.**

22.    Chicago's ordinances identify about two dozen different offenses for which City officials may seize and impound a vehicle, each accompanied by an administrative penalty. Chicago, Ill., Mun. Code § 2-14-132.

23.    The City's ordinances make a car owner liable for an administrative penalty, a towing fee, and a daily storage fee when a car is impounded.

24.    The City imposes administrative penalties up to $3,000, averaging near $1,300.

25.    The administrative penalties exist separately from any criminal charges or traffic fines that are often imposed at the same time, in separate proceedings unrelated to the impound process.

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

26.     The City targets a wide array of activity for which vehicles may be impounded. Impoundable offenses associated with an administrative penalty are:

a.      Driving a vehicle for payment (such as a taxi or an Uber) without the car bearing a registration emblem—$500 penalty. Chicago, Ill., Mun. Code § 3-46-076.

b.      A car displaying a counterfeit wheel-tax license emblem—$1,000 penalty. Chicago, Ill., Mun. Code § 3-56-155.

c.      Driving a private ambulance without an ambulance license—$500 penalty. Chicago, Ill., Mun. Code §§ 4-68-195, -020.

d.      A car bearing a false, stolen, or altered temporary registration permit—$1,000 penalty. Chicago, Ill., Mun. Code § 9-80-220.

e.      A vehicle that is used for the transportation or solicitation for the transportation of passengers for hire without a taxicab license—$2,000 penalty. Chicago, Ill., Mun. Code §§ 9-112-640, -020.

f.      A vehicle that is used for the transportation of passengers for hire that is not licensed as a public passenger vehicle, a taxicab, or used to provide transportation network services—$2,000 penalty. Chicago, Ill., Mun. Code §§ 9-114-420, -020.

g.      A car that contains drugs or is used in the purchase or sale of drugs—up to a $3,000 penalty. Chicago, Ill., Mun. Code § 7-24-225.

h.      Driving while under the influence of alcohol or drugs—up to a $3,000 penalty. Chicago, Ill., Mun. Code § 7-24-226.

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

i.    Using a car to dump trash on the public way—$500 penalty. Chicago, Ill., Mun. Code §§ 7-28-390, 11-4-1600(f)(1).

j.    Using a car to dump trash on any lot or real estate in the City other than at the landfill—$500 penalty. Chicago, Ill., Mun. Code §§ 7-28-440, 11-4-1600(f)(1).

k.    A mobile food vehicle sounding a musical or noise-making device between the hours of 7:00pm and 9:00am, or at any time in a quiet zone—up to a $750 penalty. Chicago, Ill., Mun. Code § 7-38-115(c-5).

l.    A car that contains spray paint—$1,000 penalty. Chicago, Ill., Mun. Code § 8-4-130.

m.    Using a car to offer or solicit prostitution—up to a $3,000 penalty. Chicago, Ill., Mun. Code § 8-8-060.

n.    A car containing an assault weapon, laser sight accessory, or firearm silencer—up to a $3,000 penalty. Chicago, Ill., Mun. Code § 8-20-070.

o.    A car used to participate in drag racing—$1,000 penalty. Chicago, Ill., Mun. Code § 9-12-090.

p.    Recklessly driving a car as part of, or interfering with, a funeral procession—up to a $750 penalty. Chicago, Ill., Mun. Code § 9-32-040.

q.    Playing audio in a car that can be heard 75 feet or more away—up to a $750 penalty. Chicago, Ill., Mun. Code § 9-76-145.

r.    Parking in a handicapped space with a fake or stolen disability tag—up to a $3,000 penalty. Chicago, Ill., Mun. Code § 9-80-225.

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

> s.    Driving a car with a suspended or revoked license—$1,000 penalty. Chicago, Ill., Mun. Code § 9-80-240.
>
> t.    A car illegally fleeing or eluding the police—$2,000 penalty. Chicago, Ill., Mun. Code § 9-92-035.
>
> u.    Littering on a public way from a vehicle—up to a $1,500 fine. Chicago, Ill., Mun. Code § 10-8-480(c).
>
> v.    Disposing of anything into Lake Michigan without a permit—$500 penalty. Chicago, Ill., Mun. Code §§ 11-4-1410, -1460(f).
>
> w.    Illegally treating or disposing of solid or liquid waste—$500 penalty. Chicago, Ill., Mun. Code §§ 11-4-1500, -1600.
>
> x.    A car that contains illegal fireworks—$500 penalty. Chicago, Ill., Mun. Code § 15-20-270.

27.    When a City official—typically a police officer—determines there is probable cause to believe that a car was used in a violation for which it may be impounded, that official may direct that the car be towed to an impound facility. Chicago, Ill., Mun. Code § 2-14-132(a)(1), (b)(5).

28.    Upon the City official's determination, the City official has the car towed to an impound lot. Most cars are towed to one of five impound lots spread throughout the City. The largest of these lots is in south Chicago, at 103rd Street and South Doty Avenue. In addition, there is an impound lot at O'Hare International Airport; one near Humboldt Park on North Sacramento Avenue; one downtown, overlooking the Riverwalk on East Lower Wacker Drive; and one in Hanson Park on West Grand Avenue.

8

29.     While the Chicago Police Department operates some of the impound lots, most are operated by private companies under contract with the City.

30.     By ordinance, the City charges a $150 towing fee for a typical passenger car. Chicago, Ill., Mun. Code §§ 2-14-132(f), 9-92-080(b).

31.     Once a car is towed to an impound lot, the City imposes a daily storage fee, which is not a penalty or a fine. By ordinance, the City charges $20 per day for the first five days, and $35 per day thereafter as a storage fee for a typical passenger car. Chicago, Ill., Mun. Code §§ 2-14-132(f), 9-92-080(b).

32.     The daily storage fee accrues very quickly, adding up to nearly $1,000 for a single month's storage.

**After a car is impounded, the owner must navigate a difficult system.**

33.     Within ten days of impounding a car, the City must send notice to the owner of record of the car, the person who was found in control of the car, and any lienholder. Chicago, Ill., Mun. Code § 2-14-132(b).

34.     Even if the owner knows about or discovers the impoundment, it is often weeks before she has an opportunity to get it back.

35.     If an owner wants her car back, she must affirmatively request a hearing at the Department of Administrative Hearings (the "Department") within fifteen days of the notice being mailed. Chicago, Ill., Mun. Code §§ 2-14-132(a)(1), (b)(2). The request must be made *in person* and in writing at the department, *id.*, requiring people to make their way downtown using a mode of transportation other than their impounded car.

36.     Many people are forced to take time off work to simply request a hearing.

37.     If an owner fails to timely request a hearing, the Department enters a default order requiring the owner to pay the administrative penalty, towing fee, and storage fees. Chicago, Ill.,

FILED DATE: 4/29/2019 1:08 PM   2019CH05413

FILED DATE: 4/29/2019 1:06 PM    2019CH05413

Mun. Code § 2-14-132(b)(4). The default order allows the City to dispose of the car immediately, meaning that the City may sell it for scrap, sell it at auction, or keep it for police use, Chicago, Ill., Mun. Code §§ 2-14-132(d), 9-92-100.

38.     Hearings are conducted by the Department and are civil in nature, meaning that a car owner is not entitled to representation if he or she cannot afford it.

39.     Upon information and belief, most car owners navigate the hearings on their own, without the benefit of legal representation.

40.     Hearings are run by "administrative law officers"—lawyers with at least three years of practice who are appointed by the director of the Department, who was herself appointed by the mayor. *See* Chicago, Ill., Mun. Code §§ 2-14-010, -030, -040.

41.     The rules of evidence and civil procedure do not apply to the hearings, and hearsay is admissible. *See* Chicago, Ill., Mun. Code § 2-14-076(h).

42.     If an owner requests a hearing, she must navigate at least two hearings: a preliminary hearing and a full hearing. *See* Chicago, Ill., Mun. Code §§ 2-14-132(a), -132(b).

43.     In most instances, a preliminary hearing is to occur within 48 hours of when the owner requested it (excluding weekends and holidays). Chicago, Ill., Mun. Code § 2-14-132(a)(1).

44.     Upon information and belief, a preliminary hearing is extremely fast, often lasting around ten minutes or less.

45.     At the preliminary hearing, the administrative law officer determines whether there was probable cause to believe the car was used in violation of the ordinances, and was thus subject to impoundment. Chicago, Ill., Mun. Code § 2-14-132(a)(1).

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

46.     Upon information and belief, witnesses are not typically called at a preliminary hearing. Rather, the attorney representing the City reads the impound report written by the impounding City officer, the administrative law officer asks the owner what—if any—defense he has, and the administrative law officer then issues the decision as to whether there was probable cause to impound the car.

47.     An owner invoking his or her innocence as a defense will not affect the administrative law officer's decision, nor will any defense other than the three defenses arising under the City Code. *See* Chicago, Ill., Mun. Code § 2-14-132(h).

48.     The car's owner has no opportunity to challenge the impound report at the preliminary hearing.

49.     At the preliminary hearing, if the administrative law officer determines that there was no probable cause to impound the car, the car is ordered returned without penalty or fees. Chicago, Ill., Mun. Code § 2-14-132(a)(3).

50.     At the preliminary hearing, if the administrative law officer determines that there was probable cause to impound the car, he or she authorizes the continued impoundment of the car and sets a date for a full hearing (which is supposed to occur no more than 30 days after the owner filed a request for a hearing). Chicago, Ill., Mun. Code §§ 2-14-132(a), -132(b)(2).

51.     At the full hearing, the City prosecutes its case, calling the City officer responsible for the initial impound (typically a police officer). The officer testifies about the events leading up to the impound, and the car owner has an opportunity to cross-examine the officer.

FILED DATE: 4/29/2019 1:06 PM 2019CH05413

52. The car owner also has the opportunity at the full hearing to call his or her own witnesses and put forth a defense. As set forth more fully below, *see infra* at ¶¶ 57–63, an owner has only three defenses available he or she may invoke.

53. At the conclusion of the hearing, the administrative law officer determines whether the vehicle was used in the relevant code violation. Chicago, Ill., Mun. Code § 2-14-132(b)(3)(A).

54. The administrative law officer's determination is based on the preponderance of the evidence standard, which the City explains is whether it is more likely than not that the vehicle was used in the relevant code violation. *See* City of Chicago, Vehicle Impoundment Fact Sheet, https://www.chicago.gov/city/en/depts/ah/supp_info/vip/vip_fact_sheet.html (last visited April 26, 2019).

55. If the administrative law officer determines that the vehicle was used in the relevant code violation, he or she deems the car to have been properly impounded and enters an order finding the owner of record liable to the City for the amount of the administrative penalty, plus towing and storage fees. Chicago, Ill., Mun. Code § 2-14-132(b)(3)(A).

56. Upon information and belief, the typical process, from impoundment to final decision, takes around 45 days. Storage fees continue to accumulate during this period.

57. If the administrative law officer determines that the owner was not liable, then he orders the City to return the car without penalty or fees. Chicago, Ill., Mun. Code § 2-14-132(b)(3)(B).

**Only three defenses are available, and they provide little protection for innocent owners.**

58. A car owner may only avoid liability by successfully invoking one of three defenses:

12

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

- The car was stolen at the time of the violation *and* had been reported stolen to the police within 24 hours after the theft was discovered (or reasonably should have been discovered);

- The car had been sold to another person prior to the violation; or

- The vehicle was operating as a "common carrier" and the person in control of the vehicle did not know about the violation.

Chicago, Ill., Mun. Code § 2-14-132(h).

59.     Those defenses are the only defenses available to a car's owner.

60.     No defense is available for an innocent owner of a car who did not know about and was not involved in the offense if she does not fit within those three available defenses.

61.     Unless she can successfully prove one of these three defenses, an owner who is completely innocent of the underlying offense is forced to pay fees and fines for the activity of someone else.

62.     Sometimes when cars are towed and impounded, the government also brings criminal charges or seeks forfeiture of the car. But a car owner successful in her criminal or forfeiture proceedings cannot use that success to aid in her defense against the impound.

63.     It is not a defense to an impound that the government dropped criminal charges, a court ordered evidence be suppressed due to a constitutional violation, a court acquitted a defendant, or forfeiture was deemed inappropriate.

64.     The results of criminal or forfeiture proceedings have no bearing on impound proceedings. Owners may invoke only the three defenses listed in Section 2-14-132(h) of the City Code.

**The City holds cars for ransom, and getting them back is expensive and time-consuming.**

65.     The first opportunity a car owner has to get her car back is after the preliminary hearing.

13

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

66.     The preliminary hearing can take more than two weeks to occur. The car is impounded, notice is sent out up to ten days after the impound, the notice makes its way through the mail, the car owner requests a hearing, and then must wait up to 48 hours (or longer if the time falls over a weekend or a holiday) for the preliminary hearing to occur. Throughout this time, storage fees continue to accrue daily—even before the owner has notice and even if the owner never receives notice.

67.     There are two ways for a car owner to get her car back after the preliminary hearing: either (1) receive an order from the administrative law officer that there was no probable cause to impound the car, Chicago, Ill., Mun. Code § 2-14-132(a)(3); or, (2) pay the administrative penalty plus the towing and storage fees, Chicago, Ill., Mun. Code § 2-14-132(a)(1), (2).

68.     The second option operates essentially as a bond for the City. The City releases the car before the full hearing, and storage fees stop accruing once the car is retrieved from the lot. However, to get her car back, an owner must pay the administrative penalty, which has not yet been (and might never be) entered into a final judgment, plus the towing fee and any storage fees that have already accrued.

69.     The car owner is refunded the administrative penalty (without interest) if the full hearing results in a ruling that the car was not eligible for impound. Chicago, Ill., Mun. Code § 2-14-132(b)(3)(B).

70.     If an owner has not paid to get the car out before the full hearing, storage fees continue to accrue the entire time.

71.     If the administrative law officer deems the car was eligible for impound at the full hearing, the only way the car owner may get her car out of the pound is to pay the administrative

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

penalty, the towing fee, and the storage fees that have accrued. Chicago, Ill., Mun. Code § 2-14-132(b)(3)(A), (c)(1)(A).

72.     In addition to the administrative penalty and towing and storage fees, the City will refuse to release a car until all other outstanding fines are paid, including red-light camera tickets, parking tickets, and speed camera tickets, and the car displays a current state license plate, registration, and wheel-tax emblem and carries an insurance policy. Chicago, Ill., Mun. Code §§ 2-14-132(c)(1)(A), -132(k).

73.     Indeed, the City will never release a car to an owner—even if he or she has been deemed to be not liable for the impound—unless every outstanding fine has been paid and the car displays a state license plate, registration, and wheel-tax emblem and carries an insurance policy. Chicago, Ill., Mun. Code § 2-14-132(c), (k).

74.     For many people, it takes time—days, weeks, or longer—to compile the amount of money necessary to get a car out of the impound lot. All the while, storage fees continue to accrue.

75.     The City does not keep a car in the impound lot after the preliminary hearing for any reason other than forcing the owner to pay money.

**The City quickly gets rid of cars, but owners continue to owe money.**

76.     The City will keep cars that have been impounded usually only for a short amount of time. If the owner does not pick up the car from the pound within 35 days after the full hearing, the City will almost always get rid of the car. Chicago, Ill., Mun. Code § 2-14-101. The owner may ask for a single 15-day extension. Chicago, Ill., Mun. Code § 9-92-100(a).

77.     The City does not always send notice to a car owner before the City disposes of her car.

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

78.  Once the period has run that the City must keep the car, the City may sell the car for scrap, sell it at auction, or keep it for police use. Chicago, Ill., Mun. Code § 9-92-100(b), (d).

79.  If the City makes money by selling the car, the City must deduct proceeds from the sale of the car from the accumulated towing and storage fees. Chicago, Ill., Mun. Code § 9-92-100(e).

80.  If any money remains from the sale of the car after deducting the proceeds of the sale from the accumulated towing and storage fees, the City pockets that money, depositing the funds in the City's treasury. 625 ILCS 5/4-211.

81.  The proceeds of the sale do not, and cannot, offset the administrative penalty. Chicago, Ill., Mun. Code § 9-92-100(e).

82.  The sale of the car will never fully satisfy the total amount of fines and fees the City imposes on the car's owner. The City demands she pay *at least* the administrative penalty, perhaps more, if the sale of the car did not generate enough money to cover towing and storage fees. *Id.*

83.  Any unpaid fines and fees that the City imposed under the impound ordinances attach to the car's owner and follow her until she pays them off. *See* Chicago, Ill., Mun. Code § 2-14-103.

84.  Interest accrues on the amount the City deems it is owed by a car owner. Chicago, Ill., Mun. Code § 2-14-104.

85.  To collect money, the City can impose a lien on other property owned by the car's owner or even enforce the debt in court. Chicago, Ill., Mun. Code § 2-14-103.

86.  Chicago does not have a statute of limitations on fines and fees, so the government can pursue any outstanding fines and fees whenever it wants, indefinitely.

16

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

**The impound system churns through cars and generates millions of dollars.**

87.     In 2018, "fines, forfeitures, and penalties" were the eleventh largest source of revenue for the City and constituted three percent of the City's revenue. City of Chicago, 2018 Budget Overview 19 (2018), *available at* https://www.chicago.gov/content/dam/city/depts/obm/ supp_info/2018Budget/2018_Budget_Overview.pdf (last visited Apr. 26, 2019). That was estimated to amount to $326.2 million in 2018. *Id.* at 168.

88.     In 2017, Chicago impounded nearly 22,000 cars for reasons that could subject the cars' owners to administrative penalties. Elliott Ramos, *Chicago's Towing Program Is Broken,* WBEZ 91.5 Chicago, http://interactive.wbez.org/brokentowing/ (last visited Apr. 26, 2019).

89.     In 2017, fines and fees associated with such impounds stood at more than $28 million. *Id.*

**The Named Plaintiffs Get Ensnared in Chicago's Impound Racket**

90.     Each of the Named Plaintiffs has had their car impounded by the City of Chicago.

91.     Each of the Named Plaintiffs had to appear in person multiple times to challenge the impoundment of their vehicles.

92.     Each of the Named Plaintiffs was deprived of the opportunity to assert an innocent owner defense to the impound of their vehicles.

93.     Each of the Named Plaintiffs was subject to the City impounding and retaining their car before a full hearing and final judgment was entered deeming them liable for the violation subjecting the car to impound.

94.     Each of the Named Plaintiffs was subject to the City refusing to release their car without their paying an exorbitant and excessive fine as a condition of retrieving their vehicle.

17

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

**Plaintiffs Jerome Davis and Veronica Walker-Davis**

95.     In May of 2018, Jerome Davis and Veronica Walker-Davis arranged with a private towing company to have their family car, a 2006 Lexus E330, towed to a Chicago body shop for body work and electrical work following a car accident.

96.     On information and belief, while the car was in the shop, a shop employee drove the vehicle with a revoked license.

97.     On June 23, 2018, Ms. Walker-Davis called the shop to find out the status of the work on her car. It was at that point that she found out the City had impounded her car several weeks prior, and that the car had actually been in the impound lot since June 3, 2018.

98.     The shop had previously told the Davises that they were waiting on parts for the car, even after knowing the City had impounded the car.

99.     After learning from the shop staff that the City impounded her car, Ms. Walker-Davis had to appear in person at the administrative hearing building at 400 West Superior to request an immediate hearing. She was unable to request a hearing by phone or written request. Court administration refused to schedule a preliminary hearing because too much time had passed since the car had been impounded, but they scheduled a full hearing for July 12, 2018.

100.     The Davises never received a letter from the City informing them the car had been impounded. When Ms. Walker-Davis asked City staff about why she had not received a letter informing her that the car had been impounded, they told her they were not required to send a letter.

101.     Ms. Walker-Davis attended the hearing, where she said that the car was in the shop and that she did not know the people involved in driving the car with a revoked license. The court ruled against her, because her innocence was not a defense, and said it would cost nearly $2,500 to get her car out of the pound.

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

102.    The court offered her no alternative payment plan when she asked.

103.    Ms. Walker-Davis felt horrible when the court ruled against her—"like a criminal."

104.    Ms. Walker-Davis has not been working for two years because of a back injury and has mobility issues. She needs transportation to doctor appointments, and being deprived of her car is a burden to her health and well-being.

105.    Mr. and Ms. Davis sought administrative review of the impound determination in the Circuit Court. With the assistance of *pro bono* counsel, Mr. and Ms. Davis entered into an agreement to get their car back in exchange for $1,170.00 on January 7, 2019. At this hearing, the Davises' counsel asked the court to state constitutional defenses on the record relating to her inability to invoke an innocent owner defense, but this request was denied.

106.    Mr. and Ms. Davis made plans with the City to pick up their car by March 31, 2019, which gave them time to come up with the money the City demanded they pay.

107.    March 31, 2019 was a Sunday, so Ms. Walker-Davis went to pay the $1,170 on Monday, April 1st. However, the City would not take the cash because the car's registration had lapsed while it was in the impound lot.

108.    Ms. Walker-Davis went to the Secretary of State's office to update the car's registration that same day, but the office had already closed. She returned on Tuesday, April 2, 2019, and paid the registration.

109.    The City agreed to extend the March 31, 2019 deadline to April 12, 2019. However, on April 10, 2019, when Mr. and Ms. Davis went to pay so they could pick up their car, they discovered the City disposed of the car on April 3, 2019.

110.    Mr. and Ms. Davis can no longer get their car back.

FILED DATE: 4/29/2019 1:06 PM  2019CH05413

**Plaintiff Spencer Byrd**

111.     Mr. Byrd performs automotive mechanical work for clients. Because it sometimes takes several days to perform the work, his clients lack a car and transportation to get where they need to be. As part of his business, after a client drops off the car for Mr. Byrd to work on, he will give them a ride back to their home.

112.     On June 21, 2016, Chicago police pulled Mr. Byrd over for a broken turn signal. With him in the car was one of his automotive clients.

113.     Police ordered both Mr. Byrd and his passenger out of the car and searched them. Mr. Byrd had no contraband on him, but the officers found a bag of heroin in his passenger's pocket.

114.     Mr. Byrd and his passenger were taken to the precinct house. Police released Mr. Byrd without charging him with a crime.

115.     When Mr. Byrd attempted to retrieve his car, he found out the Chicago Police Department had seized and impounded it.

116.     On July 31, 2016, Mr. Byrd sought release of his car with the Cook County State's Attorney, but they responded that the car was subject to a forfeiture proceeding. Mr. Byrd finally got a hearing in November on his handwritten financial hardship motion asking the court to release his car while the forfeiture case was pending. He wrote: "My tools are in the 1996 Cadillac sedan. I used the auto to go to various jobs. Can't pay any bills because this is my livelihood. I would appreciate this for me and my children."

117.     Cook County Circuit Court Judge Margarita Kulys-Hoffman granted Mr. Byrd's motion over the state's objections. The court ordered the police to release the car.

20

118. But even with this order, the City refused to release the car, telling Mr. Byrd he first had to pay the fines and fees that had been accumulating for five months under Chicago's municipal code.

119. In or near October 2018, Mr. Byrd spoke with an impound supervisor about his car. That supervisor told Mr. Byrd that the car was still in the impound lot, and they would not release it until he paid the fines and fees. Mr. Byrd's balance of storage and towing fees now totals more than $17,000.00—a sum he cannot afford—and he still has not been granted access to his tools, which are critical for his job. The fees continue to accrue today.

### CLASS ACTION ALLEGATIONS

120. Named Plaintiffs seek to maintain this action on behalf of themselves and all others similarly situated under Section 2-801 of the Illinois Code of Civil Procedure.

121. The City's conduct toward Named Plaintiffs is part of a broader policy and practice, in which the City impounds vehicles, including from innocent owners, and continues holding them until the owner pays the total balance of the administrative penalty, towing fee, and storage fees incurred.

122. Named Plaintiffs represent a putative class with the following proposed class definition:

> All individuals who own vehicles that have been or will be impounded by Defendant City of Chicago pursuant to Chicago Municipal Code Section 2-14-132.

123. Named Plaintiffs and members of the class have faced, or will face, the following pattern of behavior by the City. First, the City seizes and impounds a vehicle, including as the result of the actions of a non-owner of the vehicle committed without the owner's knowledge. Next, the City imposes administrative penalties and towing and storage fees on the vehicle's owner. Finally, the City retains the vehicle until the owner completes payment of the full balance

FILED DATE: 4/29/2019 1:06 PM    2019CH05413

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

of the administrative penalty, towing fee, and storage fees, both before and after the full hearing. Throughout this process, Named Plaintiffs and members of the class face the City's inadequate notice to vehicle owners, and the requirement of multiple in-person appearances to challenge the impoundment of their vehicles.

124.    Named Plaintiffs and members of the class were not, and will not be, able to assert innocence as a defense to the administrative fines or fees under the governing ordinance. *See* Chicago, Ill., Mun. Code § 2-14-132(h).

125.    Named Plaintiffs and members of the class have been, or will be, injured by these practices, which violate Article I, Section 11 of the Illinois Constitution, the Eighth Amendment to the United States Constitution, the due process clauses of both the Illinois and United States constitutions, Article I, Section 6 of the Illinois Constitution, and the Fourth Amendment to the United States Constitution.

126.    The class satisfies all requirements for class certification set forth in Section 2-801 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-801 ("Section 2-801").

127.    The class satisfies the numerosity requirement of Section 2-801(1). In 2017 alone, Chicago impounded nearly 22,000 cars for reasons that could subject the cars' owners to administrative penalties. Elliott Ramos, *Chicago's Towing Program Is Broken*, WBEZ 91.5 Chicago, http://interactive.wbez.org/brokentowing/ (last visited Apr. 26, 2019).

128.    The class satisfies the commonality requirement of Section 2-801(2). Common questions of law and fact will predominate over any individual issues.

      a.    Common questions of fact include, but are not limited to:

            i.    Does the City seize and impound vehicles for offenses committed by non-owners without the owner's knowledge?

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

    ii.     Does the City impose administrative penalties and fees on innocent vehicle owners?

    iii.    Does the City seize and impound vehicles before final judgment has been entered?

    iv.    Does the City charge fees for periods when the owner does not have notice of the impoundment?

    v.     Does the City require unnecessary personal appearances by people who the City knows may not have a vehicle?

    vi.    Does the City seize and impound vehicles for extended periods of time until car owners complete full payment of fines and fees?

b.    Common questions of law include, but are not limited to:

    i.     Does the City's imposition of administrative penalties on innocent vehicle owners violate the Proportionate Penalties Clause of Article I, Section 11 of the Illinois Constitution?

    ii.    Does the City's imposition of administrative penalties on innocent vehicle owners violate the Eighth Amendment to the United States Constitution?

    iii.    Does the City's charging of administrative penalties and fees to innocent owners violate the Due Process Clause of the Illinois Constitution?

    iv.    Does the City's impoundment and retention of vehicles before final judgment has been entered violate the Due Process Clause of the Illinois Constitution?

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

v.      Does the City's insufficient notice to vehicle owners violate the Due Process Clause of the Illinois Constitution?

vi.      Does the City's unnecessary requirement that car owners appear multiple times in person to challenge vehicle impoundment violate the Due Process Clause of the Illinois Constitution?

vii.      Does the City's charging of administrative penalties and fees to innocent owners violate the Fourteenth Amendment to the United States Constitution?

viii.      Does the City's impoundment and retention of vehicles before final judgment has been entered violate the Fourteenth Amendment to the United States Constitution?

ix.      Does the City's insufficient notice to vehicle owners violate the Fourteenth Amendment to the United States Constitution?

x.      Does the City's unnecessary requirement that car owners appear multiple times in person to challenge vehicle impoundment violate the Fourteenth Amendment to the United States Constitution?

xi.      Does the City's continued impoundment of vehicles until the owners complete payment of fines and fees violate the Search and Seizure Clause of Article I, Section 6 of the Illinois Constitution?

xii.      Does the City's continued impoundment of vehicles until owners complete payment of fines and fees violate the Fourth Amendment to the United States Constitution?

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

129.    Named Plaintiffs will fairly and adequately represent the class, satisfying Section 2-801(3). Named Plaintiffs are members of the putative class, and their interests are aligned with other class members. Named Plaintiffs' interests are seeking to end the City's practices of impounding the vehicles of innocent owners, and charging these owners fines and fees. Additionally, Named Plaintiffs have an interest in ending the City's practice of holding vehicles ransom for payment of fines and fees. Further, Named Plaintiffs have an interest in constitutionally adequate procedures when facing the deprivation of their property rights. Named Plaintiffs seek declaratory and injunctive relief for the injury caused by these practices. These interests in ensuring that the City's impound system respects the constitutional rights of car owners, and securing relief for those constitutional rights already violated, are shared by all class members.

130.    Named Plaintiffs are represented by counsel who will fairly and adequately represent the class, further satisfying Section 2-801(3). Named Plaintiffs are represented *pro bono* by Diana Simpson and Kirby Thomas West at the Institute for Justice and Robert Pavich of the Pavich Law Group. The Institute for Justice has experience litigating civil rights class action lawsuits around the country, including in Philadelphia, Pennsylvania; Seattle, Washington; and Pagedale, Missouri. Mr. Pavich is experienced in Illinois class action lawsuits.

131.    Because the class satisfies Section 2-801(1)–(3), a class action is an appropriate method for the adjudication of the case under Section 2-801(4).

132.    The class is entitled to the requested declaratory and injunctive relief.

WHEREFORE, Plaintiffs request the following:

A.      Certification of the class under Section 2-802 of the Illinois Code of Civil Procedure;

FILED DATE: 4/29/2019 1:06 PM    2019CH05413

B.    Appointment of Named Plaintiffs as representatives of the class; and

C.    Appointment of the Institute for Justice as class counsel, and appointment of

Robert Pavich as local class counsel.

## CONSTITUTIONAL VIOLATIONS

### Count I
### (Article I, Section 11 of the Illinois Constitution—Proportionate Penalties Clause)

133.    Plaintiffs incorporate Paragraphs 1 through 131 by reference as though fully alleged in this paragraph.

134.    The Proportionate Penalties Clause, Article I, Section 11, of the Illinois Constitution provides: "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship. No conviction shall work corruption of blood or forfeiture of estate. No person shall be transported out of the State for an offense committed within the State."

135.    Administrative penalties imposed by the City under its impound scheme, as set forth above, are a penalty within the meaning of the Proportionate Penalties Clause.

136.    Except in limited circumstances, individuals whose cars are impounded have no ability to assert a defense of innocence to avoid payment of penalties.

137.    The Proportionate Penalties Clause prevents the government from levying disproportionate penalties and protects innocent Illinoisans from disproportionate punishment.

138.    Because an innocent owner—who did not authorize or know about the crime of another—has not violated any law, *any* punishment levied upon him or her is *per se* disproportionate and in violation of the Proportionate Penalties Clause.

139.    The City's demand that innocent owners pay administrative penalties for legal offenses committed by another violates the Proportionate Penalties Clause.

FILED DATE: 4/29/2019 1:06 PM  2019CH05413

WHEREFORE, Plaintiffs request the following relief:

A.  A declaratory judgment in favor of Plaintiffs and against Defendant providing that the imposition of penalties on innocent owners by Section 2-14-132 of the City Code is unconstitutional both on its face and as applied to Plaintiffs, and that, as a consequence, it is void and without effect;

B.  A permanent injunction in favor of Plaintiffs and against Defendant prohibiting Defendant or its officers or agents from enforcing the penalty-imposing portion of Section 2-14-132 on innocent owners;

C.  A permanent injunction in favor of Plaintiffs and against Defendant requiring Defendant to return to Plaintiffs cars they own that were impounded under Section 2-14-132 of the City Code despite their status as innocent owners. In the alternative, if a car has been disposed of or cannot be returned to an innocent owner for any reason, an injunction in favor of Plaintiffs and against Defendant for restitution equivalent to the value of the car on the day it was seized;

D.  A permanent injunction in favor of Plaintiffs and against Defendant requiring Defendant to return to Plaintiffs all administrative penalties paid by Plaintiffs or, in the alternative, to disclaim any debts Defendant has deemed Plaintiffs owe for administrative penalties accrued under Section 2-14-132 of the City Code despite their status as innocent owners;

E.  An award of Plaintiffs' costs and expenses of this action, together with reasonable attorneys' fees under the applicable Illinois rule and 42 U.S.C. § 1988; and

F.  Such other and further relief as this Court deems just and proper.

27

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

**Count II**
**(Eighth Amendment to the United States Constitution—Excessive Fines Clause)**

140.     Plaintiffs incorporate Paragraphs 1 through 131 by reference as though fully alleged in this paragraph.

141.     The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

142.     Administrative penalties imposed by the City under its impound scheme, as set forth above, are a fine within the meaning of the Excessive Fines Clause.

143.     Except in limited circumstances, individuals whose cars are impounded have no ability to assert a defense of innocence to avoid payment of penalties.

144.     The Excessive Fines Clause prevents the government from levying disproportionate penalties and protects innocent people from punishment that is disproportionate to the offense committed.

145.     Because an innocent owner—who did not authorize or know about the crime of another—has not violated any law, *any* punishment levied upon him or her is *per se* disproportionate and in violation of the Excessive Fines Clause.

146.     The City's demand that innocent owners pay administrative penalties for legal offenses committed by another violates the Excessive Fines Clause.

WHEREFORE, Plaintiffs request the following relief:

A.     A declaratory judgment in favor of Plaintiffs and against Defendant providing that the imposition of penalties on innocent owners by Section 2-14-132 of the City Code is unconstitutional both on its face and as applied to Plaintiffs, and that, as a consequence, it is void and without effect;

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

B.  A permanent injunction in favor of Plaintiffs and against Defendant prohibiting Defendant or its officers or agents from enforcing the penalty-imposing portion of Section 2-14-132 on innocent owners;

C.  A permanent injunction in favor of Plaintiffs and against Defendant requiring Defendant to return to Plaintiffs cars they own that were impounded under Section 2-14-132 of the City Code despite their status as innocent owners. In the alternative, if a car has been disposed of or cannot be returned to an innocent owner for any reason, an injunction in favor of Plaintiffs and against Defendant for restitution equivalent to the value of the car on the day it was seized;

D.  A permanent injunction in favor of Plaintiffs and against Defendant requiring Defendant to return to Plaintiffs all administrative penalties paid by Plaintiffs or, in the alternative, to disclaim any debts Defendant has deemed Plaintiffs owe for administrative penalties accrued under Section 2-14-132 of the City Code despite their status as innocent owners;

E.  An award of Plaintiffs' costs and expenses of this action, together with reasonable attorneys' fees under the applicable Illinois rule and 42 U.S.C. § 1988; and

F.  Such other and further relief as this Court deems just and proper.

**Count III**
**(Article I, Section 2 of the Illinois Constitution—Due Process)**

147.  Plaintiffs incorporate Paragraphs 1 through 131 by reference as though fully alleged in this paragraph.

148.  Article I, Section 2 of the Illinois Constitution provides that "[n]o person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws."

FILED DATE: 4/29/2019 1:08 PM   2019CH05413

149.    Chicago's impound system violates due process in myriad ways.

150.    First, Chicago's impound system violates due process by requiring innocent Illinoisans to pay fines and fees for the actions of others.

151.    Second, Chicago's impound system violates due process by holding Illinoisans' property before a final judgment has been entered, refusing to relinquish it unless the owner prepays fines that may not ultimately be ordered paid, plus fees that accrue only because the City refuses to release the property.

152.    Third, Chicago's impound system violates due process by failing to provide sufficient procedural protections. For example, the City requires car owners to appear in person multiple times (by way of transportation other than their impounded car). Moreover, the City provides inadequate notice to car owners that their cars have been impounded, that fees are immediately accruing, and that their cars are to be disposed of.

153.    The Due Process Clause of the Illinois Constitution protects the right of innocent Illinoisans not to be forced to pay fines and fees for the actions of others.

154.    The City demands that innocent owners who do not fit within the narrow confines of the defenses available in Section 2-14-132(h) pay administrative penalties, towing fees, and storage fees for their car that was impounded due to the illegal activity of another.

155.    Except in those limited circumstances, individuals whose cars are impounded have no ability to assert a defense of innocence to avoid payment of penalties.

156.    The City has no valid government interest in demanding that innocent owners pay fines and fees for the illegal activity of another.

157.    The City's imposition of administrative penalties, towing fees, and storage fees on innocent owners whose cars were impounded due to the illegal activity of another, and who

30

FILED DATE: 4/29/2019 1:06 PM    2019CH05413

cannot invoke one of the defenses available in Section 2-14-132(h) of the City Code, violates the right to due process of law under the Illinois Constitution.

158.    The Due Process Clause of the Illinois Constitution protects the right of Illinoisans not to have their property taken before final judgment has been entered.

159.    The City seizes and impounds vehicles before any final judgment has been entered deeming the owner of the vehicle liable for the violation subjecting the car to impound under Section 2-14-132 of the City Code.

160.    The City will release a car that was impounded under Section 2-14-132 of the City Code before final judgment in one of only two circumstances. First, the City will release a car if the owner pays, along with any towing and storage fees that have accrued, the full amount of any administrative penalty that *might be* ordered as part of a final judgment. Alternatively, the City will release a car upon an order from an administrative law officer at the preliminary hearing that there was no probable cause to impound the car.

161.    The City may not condition the return of Plaintiffs' personal property on both the payment of an administrative penalty for which no final judgment has been entered, as well as the payment of fees that continue to accrue only because the City refuses to release the vehicle until payment of all fines and all fees has been made.

162.    The City's impounding and retention of vehicles before a final judgment under Section 2-14-132 of the City Code violates the right to due process of law under the Illinois Constitution.

163.    The Due Process Clause of the Illinois Constitution prohibits the deprivation of property rights without adequate procedural protections.

FILED DATE: 4/29/2019 1:06 PM 2019CH05413

164.    The City provides inadequate notice to car owners whose cars have been impounded. In addition, the City also provides inadequate notice to owners that fees are immediately accruing as the car sits in the impound lot. Moreover, the City provides inadequate notice of the disposal of cars.

165.    The City's processes are unconstitutionally burdensome in that they require car owners to appear in person multiple times to request a hearing and then to contest the validity of an impound. The City forces people to make their way to the hearings building without use of their impounded car.

166.    The City's administrative hearings procedures related to impounds violate the right to due process of law under the Illinois Constitution.

WHEREFORE, Plaintiffs request the following relief:

A.    A declaratory judgment in favor of Plaintiffs and against Defendant providing that the imposition of penalties and fees on innocent owners by Section 2-14-132 of the City Code is unconstitutional both on its face and as applied to Plaintiffs, and that, as a consequence, it is void and without effect;

B.    A declaratory judgment in favor of Plaintiffs and against Defendant providing that the portion of Section 2-14-132 of the City Code that requires a car's owner to pay an administrative penalty prior to any final judgment, plus fees that accrue only because the City refuses to release the car, in order to regain possession of their vehicle is unconstitutional both on its face and as applied to Plaintiffs, and that, as a consequence, it is void and without effect;

C.    A declaratory judgment in favor of Plaintiffs and against Defendant providing that the City's notice procedures and demands that car owners appear in person

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

multiple times are unconstitutional both on their face and as applied to Plaintiffs, and that, as a consequence, they are void and without effect;

D.  A permanent injunction in favor of Plaintiffs and against Defendant prohibiting Defendant or its officers or agents from enforcing the penalty-imposing and fee-imposing portions of Section 2-14-132 of the City Code on innocent owners;

E.  A permanent injunction in favor of Plaintiffs and against Defendant prohibiting Defendant or its officers or agents from enforcing the portion of Section 2-14-132 of the City Code that requires a car's owner to pay an administrative penalty prior to any final judgment, plus fees that accrue only because the City refuses to release the car, in order to regain possession of their vehicle;

F.  A permanent injunction in favor of Plaintiffs and against Defendant prohibiting Defendant or its officers or agents from providing constitutionally inadequate notice to car owners whose vehicles have been impounded and to car owners whose vehicles will be disposed of, and prohibiting Defendant or its officers or agents from demanding car owners appear in person multiple times to challenge the impoundment;

G.  A permanent injunction in favor of Plaintiffs and against Defendant requiring Defendant to return to Plaintiffs cars they own that were unconstitutionally impounded and retained under Section 2-14-132 of the City Code. In the alternative, if a car has been disposed of or cannot be returned to an innocent owner for any reason, an injunction in favor of Plaintiffs and against Defendant for restitution equivalent to the value of the car on the day it was seized;

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

H.  A permanent injunction in favor of Plaintiffs and against Defendant requiring Defendant to return to Plaintiffs all fines and all fees paid or, in the alternative, to disclaim any debts Defendant has deemed Plaintiffs owe for all fines and all fees accrued under Section 2-14-132 of the City Code;

I.  An award of Plaintiffs' costs and expenses of this action, together with reasonable attorneys' fees under the applicable Illinois rule and 42 U.S.C. § 1988; and

J.  Such other and further relief as this Court deems just and proper.

## Count IV
### (Fourteenth Amendment to the United States Constitution—Due Process)

167.  Plaintiffs incorporate Paragraphs 1 through 131 by reference as though fully alleged in this paragraph.

168.  The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law."

169.  Chicago's impound system violates due process in myriad ways.

170.  First, Chicago's impound system violates due process by requiring innocent people to pay fines and fees for the actions of others.

171.  Second, Chicago's impound system violates due process by holding people's property before a final judgment has been entered, refusing to relinquish it unless the owner prepays fines that may not ultimately be ordered paid, plus fees that accrue only because the City refuses to release the property.

172.  Third, Chicago's impound system violates due process by failing to provide sufficient procedural protections. For example, the City requires car owners to appear in person multiple times (by way of transportation other than their impounded car). Moreover, the City

34

FILED DATE: 4/29/2019 1:08 PM   2019CH05413

provides inadequate notice to car owners that their cars have been impounded, that fees are immediately accruing, and that their cars are to be disposed of.

173.    The Due Process Clause of the United States Constitution protects the right of innocent people not to be forced to pay fines and fees for the actions of others.

174.    The City demands that innocent owners who do not fit within the narrow confines of the defenses available in Section 2-14-132(h) pay administrative penalties, towing fees, and storage fees for their car that was impounded due to the illegal activity of another.

175.    Except in those limited circumstances, individuals whose cars are impounded have no ability to assert a defense of innocence to avoid payment of penalties.

176.    The City has no valid government interest in demanding that innocent owners pay fines and fees for the illegal activity of another.

177.    The City's imposition of administrative penalties, towing fees, and storage fees on innocent owners whose cars were impounded due to the illegal activity of another, and who cannot invoke one of the defenses available in Section 2-14-132(h) of the City Code, violates the right to due process of law under the United States Constitution.

178.    The Due Process Clause of the United States Constitution protects the right of people not to have their property taken before final judgment has been entered.

179.    The City seizes and impounds vehicles before any final judgment has been entered deeming the owner of the vehicle liable for the violation subjecting the car to impound under Section 2-14-132 of the City Code.

180.    The City will release a car that was impounded under Section 2-14-132 of the City Code before final judgment in one of only two circumstances. First, the City will release a car if the owner pays, along with any towing and storage fees that have accrued, the full amount

35

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

of any administrative penalty that *might be* ordered as part of a final judgment. Alternatively, the City will release a car upon an order from an administrative law officer at the preliminary hearing that there was no probable cause to impound the car.

181.    The City may not condition the return of Plaintiffs' personal property on both the payment of an administrative penalty for which no final judgment has been entered, as well as the payment of fees that continue to accrue only because the City refuses to release the vehicle until payment of all fines and all fees has been made.

182.    The City's impounding and retention of vehicles before a final judgment under Section 2-14-132 of the City Code violates the right to due process of law under the United States Constitution.

183.    The Due Process Clause of the United States Constitution prohibits the deprivation of property rights without adequate procedural protections.

184.    The City provides inadequate notice to car owners whose cars have been impounded. In addition, the City also provides inadequate notice to owners that fees are immediately accruing as the car sits in the impound lot. Moreover, the City provides inadequate notice of the disposal of cars.

185.    The City's processes are unconstitutionally burdensome in that they require car owners to appear in person multiple times to request a hearing and then to contest the validity of an impound. The City forces people to make their way to the hearings building without use of their impounded car.

186.    The City's administrative hearings procedures related to impounds violate the right to due process of law under the United States Constitution.

WHEREFORE, Plaintiffs request the following relief:

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

A.    A declaratory judgment in favor of Plaintiffs and against Defendant providing that the imposition of penalties and fees on innocent owners by Section 2-14-132 of the City Code is unconstitutional both on its face and as applied to Plaintiffs, and that, as a consequence, it is void and without effect;

B.    A declaratory judgment in favor of Plaintiffs and against Defendant providing that the portion of Section 2-14-132 of the City Code that requires a car's owner to pay an administrative penalty prior to any final judgment, plus fees that accrue only because the City refuses to release the car, in order to regain possession of their vehicle is unconstitutional both on its face and as applied to Plaintiffs, and that, as a consequence, it is void and without effect;

C.    A declaratory judgment in favor of Plaintiffs and against Defendant providing that the City's notice procedures and demands that car owners appear in person multiple times are unconstitutional both on their face and as applied to Plaintiffs, and that, as a consequence, they are void and without effect;

D.    A permanent injunction in favor of Plaintiffs and against Defendant prohibiting Defendant or its officers or agents from enforcing the penalty-imposing and fee-imposing portions of Section 2-14-132 of the City Code on innocent owners;

E.    A permanent injunction in favor of Plaintiffs and against Defendant prohibiting Defendant or its officers or agents from enforcing the portion of Section 2-14-132 of the City Code that requires a car's owner to pay an administrative penalty prior to any final judgment, plus fees that accrue only because the City refuses to release the car, in order to regain possession of their vehicle;

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

F.     A permanent injunction in favor of Plaintiffs and against Defendant prohibiting Defendant or its officers or agents from providing constitutionally inadequate notice to car owners whose vehicles have been impounded and to car owners whose vehicles will be disposed of, and prohibiting Defendant or its officers or agents from demanding car owners appear in person multiple times to challenge the impoundment;

G.     A permanent injunction in favor of Plaintiffs and against Defendant requiring Defendant to return to Plaintiffs cars they own that were unconstitutionally impounded and retained under Section 2-14-132 of the City Code. In the alternative, if a car has been disposed of or cannot be returned to an innocent owner for any reason, an injunction in favor of Plaintiffs and against Defendant for restitution equivalent to the value of the car on the day it was seized;

H.     A permanent injunction in favor of Plaintiffs and against Defendant requiring Defendant to return to Plaintiffs all fines and all fees paid or, in the alternative, to disclaim any debts Defendant has deemed Plaintiffs owe for all fines and all fees accrued under Section 2-14-132 of the City Code;

I.     An award of Plaintiffs' costs and expenses of this action, together with reasonable attorneys' fees under the applicable Illinois rule and 42 U.S.C. § 1988; and

J.     Such other and further relief as this Court deems just and proper.

**Count V**
**(Article I, Section 6 of the Illinois Constitution—Search and Seizure Clause)**

187.   Plaintiffs incorporate Paragraphs 1 through 131 by reference as though fully alleged in this paragraph.

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

188.    The Search and Seizure Clause, Article I, Section 6, of the Illinois Constitution provides: "The people shall have the right to be secure in their persons, houses, papers and other possessions against unreasonable searches, seizures, invasions of privacy or interceptions of communications by eavesdropping devices or other means. No warrant shall issue without probable cause, supported by affidavit particularly describing the place to be searched and the persons or things to be seized."

189.    A seizure occurs when there is some meaningful interference with an individual's possessory interests in property. Even if a seizure is valid at the moment a piece of property is seized, the continued possession of that property is subject to the protections of Article I, Section 6 of the Illinois Constitution and must be justified under Article I, Section 6 of the Illinois Constitution.

190.    The Search and Seizure Clause of Article I, Section 6 is not temporally limited.

191.    The City seizes and impounds cars, subjecting them to quickly accruing fees, and releasing them only upon full payment of all fines and all fees, pursuant to Sections 2-14-132(c)(1)(A) and 2-14-132(k) of the City Code.

192.    The City may not condition the return of Plaintiffs' personal property on both the payment of an administrative penalty, as well as the payment of fees that continue to accrue only because the City refuses to release the vehicle until payment of all fines and all fees has been made.

193.    The City's refusal to release cars before all fines and all fees are paid is an unconstitutional seizure in violation of Article I, Section 6 of the Illinois Constitution.

WHEREFORE, Plaintiffs request the following relief:

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

A.     A declaratory judgment in favor of Plaintiffs and against Defendant providing that the portion of Section 2-14-132 of the City Code that requires a car's owner to pay an administrative penalty, plus fees that accrue only because the City refuses to release the car, in order to regain possession of their vehicle is unconstitutional both on its face and as applied to Plaintiffs, and that, as a consequence, it is void and without effect;

B.     A permanent injunction in favor of Plaintiffs and against Defendant prohibiting Defendant or its officers or agents from enforcing the portion of Section 2-14-132 of the City Code that requires a car's owner to pay an administrative penalty, plus fees that accrue only because the City refuses to release the car, in order to regain possession of their vehicle;

C.     A permanent injunction in favor of Plaintiffs and against Defendant requiring Defendant to return to Plaintiffs cars they own that were impounded under Section 2-14-132 of the City Code. In the alternative, if a car has been disposed of or cannot be returned to the owner for any reason, an injunction in favor of Plaintiffs and against Defendant for restitution equivalent to the value of the car on the day it was seized;

D.     A permanent injunction in favor of Plaintiffs and against Defendant requiring Defendant to return to Plaintiffs all fees paid or, in the alternative, to disclaim any debts Defendant has deemed Plaintiffs owe for fees accrued under Section 2-14-132 of the City Code;

E.     An award of Plaintiffs' costs and expenses of this action, together with reasonable attorneys' fees under the applicable Illinois rule and 42 U.S.C. § 1988; and

F. Such other and further relief as this Court deems just and proper.

**Count VI**
**(Fourth Amendment to the United States Constitution—Search and Seizure Clause)**

194. Plaintiffs incorporate Paragraphs 1 through 131 by reference as though fully alleged in this paragraph.

195. The Fourth Amendment to the United States Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no [w]arrants shall issue, but upon probable cause, supported by [o]ath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

196. A seizure occurs when there is some meaningful interference with an individual's possessory interests in property. Even if a seizure is valid at the moment a piece of property is seized, the continued possession of that property is subject to the protections of the Fourth Amendment and must be justified under the Fourth Amendment.

197. The Search and Seizure Clause of the Fourth Amendment is not temporally limited.

198. The City seizes and impounds cars, subjecting them to quickly accruing fees, and releasing them only upon full payment of all fines and all fees, pursuant to Sections 2-14-132(c)(1)(A) and 2-14-132(k) of the City Code.

199. The City may not condition the return of Plaintiffs' personal property on both the payment of an administrative penalty, as well as the payment of fees that continue to accrue only because the City refuses to release the vehicle until payment of all fines and all fees has been made.

41

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

200.   The City's refusal to release cars before all fines and all fees are paid is an unconstitutional seizure in violation of Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs request the following relief:

A.   A declaratory judgment in favor of Plaintiffs and against Defendant providing that the portion of Section 2-14-132 of the City Code that requires a car's owner to pay an administrative penalty, plus fees that accrue only because the City refuses to release the car, in order to regain possession of their vehicle is unconstitutional both on its face and as applied to Plaintiffs, and that, as a consequence, it is void and without effect;

B.   A permanent injunction in favor of Plaintiffs and against Defendant prohibiting Defendant or its officers or agents from enforcing the portion of Section 2-14-132 of the City Code that requires a car's owner to pay an administrative penalty, plus fees that accrue only because the City refuses to release the car, in order to regain possession of their vehicle;

C.   A permanent injunction in favor of Plaintiffs and against Defendant requiring Defendant to return to Plaintiffs cars they own that were impounded under Section 2-14-132 of the City Code. In the alternative, if a car has been disposed of or cannot be returned to the owner for any reason, an injunction in favor of Plaintiffs and against Defendant for restitution equivalent to the value of the car on the day it was seized;

D.   A permanent injunction in favor of Plaintiffs and against Defendant requiring Defendant to return to Plaintiffs all fees paid or, in the alternative, to disclaim any

FILED DATE: 4/29/2019 1:08 PM   2019CH05413

debts Defendant has deemed Plaintiffs owe for fees accrued under Section 2-14-132 of the City Code;

E.     An award of Plaintiffs' costs and expenses of this action, together with reasonable attorneys' fees under the applicable Illinois rule and 42 U.S.C. § 1988; and

F.     Such other and further relief as this Court deems just and proper.

### Individual Claim

### Count VII
### (Plaintiff Spencer Byrd's Claim for Return of Property Currently Held in Violation of the Illinois and United States Constitutions)

201.    On his own behalf, Plaintiff Spencer Byrd re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 131 above as though fully alleged in this paragraph.

202.    Plaintiff Spencer Byrd individually brings this claim for the return of his property unconstitutionally seized and held by Defendant as set forth in Paragraphs 132 through 199 above.

203.    Plaintiff Spencer Byrd is entitled to the immediate return of his car and all of its contents, including his tools which were in the car at the time it was seized.

204.    Plaintiff Spencer Byrd's property must be returned because, as described in Paragraphs 132 through 199 above, the ongoing seizure of his property violates the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as Article 1, Sections 2, 6, and 11 of the Illinois Constitution.

WHEREFORE, Plaintiffs request the following relief:

A.     A permanent injunction in favor of Spencer Byrd and against Defendant requiring Defendant to return to Mr. Byrd the property that was in his car at the time it was seized and impounded under Section 2-14-132 of the City Code, including his

FILED DATE: 4/29/2019 1:06 PM   2019CH05413

B.      tools. In the alternative, if the property has been disposed of or cannot be returned

for any reason, an injunction in favor of Mr. Byrd and against Defendant for

restitution equivalent to the value of the property on the day it was seized;

C.      An award of Plaintiffs' costs and expenses of this action, together with reasonable

attorneys' fees under the applicable Illinois rule and 42 U.S.C. § 1988; and

D.      Such other and further relief as this Court deems just and proper.


Respectfully submitted,

JEROME DAVIS,
VERONICA WALKER-DAVIS
and SPENCER BYRD

By: /s/ Robert J. Pavich
One of their Attorneys

Robert J. Pavich, ARDC # 2158329
Firm ID # 47753
PAVICH LAW GROUP, P.C.
30 West Monroe Street
Suite 1310
Chicago, IL 60603
(312) 690-8400
rpavich@pavichlawgroup.com

Diana K. Simpson*
Kirby Thomas West*
INSTITUTE FOR JUSTICE
901 North Glebe Road
Suite 900
Arlington, VA 22203
(703) 682-9320
diana.simpson@ij.org
kwest@ij.org

*Applications for Admission
*Pro Hac Vice* to be filed

*Attorneys for Plaintiffs*

Dated: April 29, 2019.

44