IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEROME DAVIS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 19-CV-3691 |
| | ) Honorable Mary Rowland |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant City of Chicago ("City"), by its attorneys, respectfully moves, pursuant to Federal Rule of Civil Procedure 12(c), for judgment on the pleadings against Plaintiff Spencer Byrd. In support of this motion, the City states as follows:

### SUMMARY

1. Although not mentioned in the Amended Complaint, discovery has revealed that Mr. Byrd previously challenged the City's impoundment of his vehicle and the associated monetary penalty by seeking review at the City's Department of Administrative Hearings ("DOAH"), and then by filing suit in the Circuit Court of Cook County. That suit resulted in a final judgment upholding the impoundment and fine on the merits. Consequently, Mr. Byrd's claims here are barred by res judicata and should be dismissed with prejudice – precisely the same outcome that this Court previously reached as to the claims of the Davises, who also challenged their impoundment at DOAH and in Circuit Court.

2. Because Mr. Byrd's claims are conclusively barred as a matter of law, the Court should promptly dismiss them. The only materials the Court needs to consider are the Complaint

and Circuit Court judgment in Mr. Byrd's prior litigation, which are subject to judicial notice and therefore properly considered on a motion for judgment on the pleadings. And resolving this motion at this juncture would aid the parties by narrowing the scope of the case, sparing them the time and expense of preparing for and conducting depositions concerning Mr. Byrd's impoundment and later addressing his claims in the context of class certification or summary judgment.[1]

## STANDARD

3.  A motion for judgment on the pleadings is permitted any time after pleadings have closed so long as the motion is filed "early enough not to delay trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the standard applicable to a Rule 12(b)(6) motion. See Lodholtz v. York Risk Servs. Grp., Inc., 778 F.3d 635, 639 (7th Cir. 2015). Under that standard, the Court first strips away any conclusory statements in the complaint and considers only "well-pleaded factual allegations." Silha v. ACT, Inc., 807 F.3d 169, 174 (7th Cir. 2015). Then the Court determines whether the well-pleaded factual allegations "'state a claim to relief that is plausible on its face.'" Adams v. City of Indianapolis, 742 F.3d 720, 728 (7th Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court may consider not only the allegations in the complaint, but also "information that is properly subject to judicial notice," Williamson v. Curran, 714 F.3d 432, 436 (7th Cir. 2013), such as proceedings in other courts related to the matter at issue, Black v. Old Country Buffet, 2020 WL 889112, at *2 (N.D. Ill. Feb. 24, 2020).

---

[1] The City reserves the right to conduct oral discovery, and any other pertinent discovery, of Mr. Byrd should the Court deny this motion.

**ARGUMENT**

4.  The Court should dismiss Mr. Byrd's claims in their entirety as barred by res judicata because he previously litigated the impoundment of his vehicle in state court. Res judicata bars a second lawsuit arising out of a previously-litigated matter when certain requirements are met. The scope of res judicata here is governed by Illinois law, see 4901 Corp. v. Town of Cicero, 220 F.3d 522, 529 (7th Cir. 2000), and under that law, a second lawsuit is barred if: (1) there was a final judgment on the merits rendered in the prior lawsuit by a court of competent jurisdiction; (2) there is an identity of cause of action between the two suits; and (3) there is an identity of parties or their privies. See id. Res judicata may be raised on a Rule 12(b)(6) motion, and thus on a Rule 12(c) motion, when "it is clear from the complaint's face, and matters of which the district court may take judicial notice[,] that the plaintiff's claims are barred as a matter of law." Wilson v. Bob Watson Chevrolet, Inc., No. 03 C 5535, 2004 WL 432493, at *2 (N.D. Ill. Mar 2, 2004) (citation omitted) (quotation marks omitted). That is the case here.

5.  As to the first requirement for res judicata, Mr. Byrd's vehicle was impounded on June 21, 2016, Amend. Compl. ¶¶ 116-17, and he challenged that impoundment at the City's Department of Administrative Hearings, which resulted in an Administrative Law Officer ("ALO") issuing an order upholding the impoundment under after conducting a hearing. Exhibit A hereto, at 5. The Court may take judicial notice of this final administrative order. See Zummo v. City of Chicago, 345 F. Supp. 3d 995, 1006 (N.D. Ill. 2018), aff'd, 798 Fed. Appx. 32 (7th Cir. 2020). Mr. Byrd then filed a lawsuit in the Circuit Court of Cook County, via counsel, pursuant to the Illinois Administrative Review Law, 735 ILCS 5/3-101, et seq., seeking review

3

of the ALO's decision. Exhibit A hereto.[2] That lawsuit resulted in a final judgment affirming the ALO's decision and upholding the impoundment. Exhibit B hereto. The Court may take judicial notice of Mr. Byrd's state court complaint and the final order in that lawsuit. See Adkins v. VIM Recycling, Inc., 644 F.3d 483, 494 & n.4 (7th Cir. 2011); Black, 2020 WL 889112, at *2. The Circuit Court's final judgment satisfies the first res judicata requirement.[3]

6. The second requirement is also met. There is an identity of cause of action when both lawsuits arise from the same transaction, and the second lawsuit challenges "what was actually decided in the first action, as well as those matters that could have been decided in that suit." River Park, Inc. v. City of Highland Park, 184 Ill. 2d 290, 302, 311 (1998). See also 4901 Corp., 220 F.3d at 531-32. The constitutional claims raised here could have been raised in Mr. Byrd's prior lawsuit. The Circuit Court of Cook County is a court of general jurisdiction, and constitutional claims can be raised in lawsuits challenging administrative decisions under the Illinois Administrative Review Law, even if constitutional claims cannot be raised in the underlying administrative proceeding itself. See, e.g., Zummo, 345 F. Supp. 3d at 1004 (even though City administrative agency could not hear plaintiff's constitutional arguments, "Illinois state courts have jurisdiction to address constitutional issues on appeal from the administrative proceeding"). See also Johnson v. Dunhill Temp. Sys. Of Chicago, Inc., No. 95 C 5698, 1997 WL 781892, at *1 (N.D. Ill. Dec. 11, 1997) ("The Circuit Court of Cook County is a court of general jurisdiction, allowing it to hear all federal question claims to which Congress has not vested exclusive jurisdiction in the federal judiciary."); Perkinson v. Illinois State Police, 2016 WL 1321197, at *6 (N.D. Ill. April 5, 2016) (holding that res judicata applied to federal

---

[2] Mr. Byrd also was represented by counsel during his hearing at DOAH.

[3] Mr. Byrd appealed the Circuit Court's judgment to the Illinois Appellate Court, but the appeal was dismissed for want of prosecution. Exhibit C.

constitutional claim based on property seizure where plaintiff "had a full and fair opportunity to argue in state court that she was entitled to have her property returned").

7. Finally, the third prong is met, as the parties to both lawsuits –Mr. Byrd and the City – are identical.

8. For these reasons, the final judgment in Mr. Byrd's prior lawsuit is res judicata as to his claims in this case. The preclusive effect of that order extends "to any issue which might have been raised" in the prior lawsuit, 4901 Corp., 220 F.3d at 529–30 (internal citations omitted), and, as just explained, Mr. Byrd could have raised his constitutional claims in that lawsuit.

9. All of Mr. Byrd's claims should therefore be dismissed in their entirety with prejudice. Like the Davises, Mr. Byrd challenged his impound at DOAH, and then in Circuit Court, resulting in a final judgment resolving the case. The Court has already held that, as to the Davises, this means their claims are barred by res judicata, see Dkt. 54 at 5-8, and the result is precisely the same as to Mr. Byrd, too.

10. On June 9, 2022, counsel for the City contacted counsel for Plaintiffs and apprised them of the City's intention to promptly file a motion seeking dismissal of Mr. Byrd's claims on res judicata grounds, including because the parties should not need to waste additional resources on discovery pertaining to Mr. Byrd's claims in light of the clear application of res judicata. The City indicated that it would forgo such a motion if Plaintiffs agreed to voluntarily dismiss Mr. Byrd's claims. Plaintiffs have indicated that they will not dismiss Mr. Byrd's claims.

## CONCLUSION

For the foregoing reasons, Mr. Byrd's claims in this case should be dismissed with prejudice.

Date: June 14, 2022

> By: /s/ <u>Andrew Worseck</u>
> ANDREW W. WORSECK
> PETER H. CAVANAUGH
> City of Chicago, Department of Law
> Constitutional and Commercial Litig. Div.
> 2 North LaSalle Street, Suite 520
> Chicago, Illinois 60602
> Andrew.Worseck@cityofchicago.org
> Peter.Cavanaugh@cityofchicago.org
> *Attorneys for Defendant City of Chicago*