# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEROME DAVIS, VERONICA WALKER-DAVIS, SPENCER BYRD, ALLIE NELSON, AND LEWRANCE GANT, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, <br><br> Defendant. | No. 1:19-cv-03691 <br><br> Assigned to the Honorable Judge Rowland <br><br> **Plaintiffs' Response in Opposition to Defendant's Motion for a Protective Order Concerning Deposition Testimony Related to Spencer Byrd** |

## INTRODUCTION

Plaintiffs seek deposition testimony concerning the City's enforcement of its impound program against Plaintiff Spencer Byrd, which resulted in the impoundment of his vehicle. Now, nearly two years into discovery, the City moves for a protective order to prevent that testimony based on a relinquished res judicata argument. Pls.' Resp. Opp. Def.'s Mot. Judgment Pleadings, ECF 99. In doing so, however, the City misconstrues the concept of relevance and burden. Mr. Byrd's experience of the City impounding his vehicle is relevant to a lawsuit challenging the City's impound program. In fact, his experience as a target of the challenged program would be a valid 30(b)(6) topic even if he had never been a plaintiff in the case. Relevance is a broad consideration, and it encompasses the experiences of witnesses—which is precisely why Plaintiffs have not objected to any of the three non-party depositions that the City has already taken. Mr. Byrd has been a plaintiff for years, he remains a plaintiff today, and the City's wish-casting that this Court might agree with it and dismiss Mr. Byrd in the future is beside the point. Furthermore, the City cannot avoid preparing a Rule 30(b)(6) witness simply by asserting that witness preparation might be "laborious." The City is already in possession of the relevant documents, the facts relating to Mr.

1

Byrd's impoundment are well known to the parties, and preparing a witness to testify on the matter would require minimal effort. The City fails to carry its burden of showing why the benefits of that testimony are outweighed by a clearly defined and serious injury, and its motion should be denied.

## STANDARD OF REVIEW

Relevance has a "very broad" meaning under Rule 26(b)(1), *Sailsbery v. Sauk Vill.*, No. 15-cv-10564, 2020 WL 5570091, at *2 (N.D. Ill. Sept. 17, 2020), and "hardly pose[s] much of an obstacle for an inquiring party to overcome," *NDK Crystal, Inc. v. Nipponkoa Ins. Co.*, No. 10-cv-1824, 2011 WL 43093, at *4 n.3 (N.D. Ill. Jan. 4, 2011) (citation omitted). Relevance encompasses information that "'bears on' or might reasonably lead to information that 'bears on' any material fact or issue in the action." *Martinez v. Cook Cnty.*, No. 11-cv-1794, 2012 WL 6186601, at *2 (N.D. Ill. Dec. 12, 2012) (citation omitted). In the context of deposition testimony, relevance has an "extremely broad" meaning. *Lukic v. Kohler Co.*, No. 05-cv-0402, 2006 WL 2168863, at *2 (E.D. Wis. July 31, 2006) (citation omitted).

The party seeking a protective order accordingly "bears a heavy burden to prove, through specific facts, that good cause exists." *In re Fluidmaster, Inc.*, No. 1:14-cv-05696, 2016 WL 6599947, at *2 (N.D. Ill. Nov. 8, 2016). Those specific facts must demonstrate a "clearly defined and serious injury," *Hitz Ent. Corp. v. Mosley*, No. 16-cv-1199, 2017 WL 444073, at *3 (N.D. Ill. Feb. 1, 2017), "supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm," *Arvco Container Corp. v. Weyerhaeuser Co.*, No. 1:08-cv-548, 2009 WL 311125, at *5 (W.D. Mich. Feb. 9, 2009). Any identified harm "must be significant, not a mere trifle." *Glob. Material Techs., Inc. v. Dazheng Metal Fibre Co.*, 133 F. Supp. 3d 1079, 1084 (N.D. Ill. 2015); *see also Homeland Ins. Co. of N.Y. v. Health Care Serv. Corp.*, No. 18-cv-6306, 2021 WL 601672, at *2 (N.D. Ill. Feb. 16, 2021) (denying motion for protective order where complying with Rule 30(b)(6) would merely require "additional effort" rather than "*undue* burden or expense").

# ARGUMENT

Deposition testimony concerning the City's enforcement of its impound program against Mr. Byrd is relevant to Plaintiffs' claims that the program is unconstitutional. That testimony is relevant not solely because Mr. Byrd is a plaintiff, but because his vehicle was among the tens of thousands of vehicles impounded every year under the City's impound scheme. The City also complains that preparing a witness to testify concerning that topic would be a "laborious task," Mot. 5, but provides no support for this puffery; witness preparation is required under Rule 30(b)(6).

1. Testimony concerning the City's enforcement of its impound program against Mr. Byrd is relevant regardless of whether he was ever a named plaintiff in this case. The City impounded Mr. Byrd's car because of someone else's actions and prohibited him from retrieving his car from an impound lot for many months, and even then, only once he paid thousands of dollars for someone else's actions. Testimony concerning that enforcement is highly relevant to a lawsuit alleging that such practices are unconstitutional. Even if he were not a named plaintiff, his experience with the challenged program (and the City's information about its enforcement against him) would be relevant to how the program works, its on-the-ground operation, and the injustices it perpetuates. Indeed, courts routinely compel defendants to produce 30(b)(6) witnesses to testify concerning their relevant interactions with non-parties. *See, e.g.*, *Pipeline Prods., Inc. v. Madison Companies, LLC*, No. 15-cv-4890-KHV, 2019 WL 1940282, at *7 (D. Kan. May 1, 2019) (compelling 30(b)(6) testimony regarding defendant's previous dealings with non-party); *Murphy v. Kmart Corp.*, 255 F.R.D. 497, 509 (D.S.D. 2009) (compelling 30(b)(6) testimony regarding defendant's relationship to non-parties); *Briddell v. Saint Gobain Abrasives Inc.*, 233 F.R.D. 57, 59 (D. Mass. 2005) (compelling 30(b)(6) testimony regarding defendant's treatment of non-parties). Simply, the City's impoundment and continued retention of Mr. Byrd's vehicle would be relevant under Rule 26(b)(1) even if he had never been a named plaintiff in this case.

2. The City's argument for a protective order begins and ends with the proposition that the Court might grant its 12(c) motion and dismiss Mr. Byrd's claims in the future. But Mr. Byrd has been a plaintiff for years. He remains a plaintiff today. Indeed, the City's angling for a protective order only spotlights the prejudice caused by its years-late 12(c) motion. *See* Pls.' Resp. Opp. Def.'s Mot. Judgment Pleadings, ECF 99 at 3–8 (discussing City's waiver and forfeiture of the res judicata defense); *cf.* Def.'s Reply Supp. Mot. Judgment Pleadings, ECF 100, at 2–6[1]. More fundamentally—and as explained above—testimony concerning the City's enforcement of its impound program against Mr. Byrd would be relevant even if he were not a party to this case. The City fails to demonstrate why testimony concerning its enforcement of an allegedly unconstitutional impound program is irrelevant to a lawsuit challenging that program.

Equally without merit is the City's contention that it would be burdensome to educate 30(b)(6) witnesses who have "no independent knowledge" of the City's interactions with Mr. Byrd. Mot. 4–5. But that is precisely what Rule 30(b)(6) requires, and courts within this Circuit regularly reject such vague, unsupported allegations of burden. *See Schyvincht v. Menard, Inc.*, No. 18-cv-50286, 2019 WL 3002961, at *3 (N.D. Ill. July 10, 2019) ("If the deponent lacks personal knowledge, the corporation must educate the deponent so that he/she can testify knowledgeably about matters within the organization's corporate knowledge. Preparing the deponent includes providing him/her with documents, present or past employees, or other sources of information to review."). Parties are expected to prepare for Rule 30(b)(6) depositions, and the "additional effort" required for witness preparation does not itself constitute an "*undue* burden or expense." *Homeland Ins. Co.*, 2021 WL 601672, at *2. Yet the City fails to identify any especially onerous or expensive burdens. And

---

[1] Indeed, the City confidently asserts that its motion will be granted because Plaintiffs are not "prejudiced" by its eleventh-hour invocation of res judicata. But the fact that the parties are now embroiled in a discovery dispute that is attributable solely to the City's res judicata argument—and that delays the final depositions in this matter rather than efficiently completing discovery within the timeline set by this Court's scheduling order—is, of course, prejudicial.

4

realistically, there are none. The City has had only a handful of interactions with Mr. Byrd, it is already in possession of information and documents necessary to prepare witnesses to testify concerning those interactions, and it already designated witnesses to provide similar testimony concerning other Plaintiffs. The City's vague complaint that witness preparation is "laborious," Mot. 5, cannot excuse its obligations under Rule 30(b)(6). Realistically, it would take less time to prepare a witness for testimony and defend a deposition on Topic 15 than the parties will end up spending on this protective-order motion alone.

## CONCLUSION

For the reasons set forth above, the motion for a protective order should be denied.

Dated: August 12, 2022

Robert Pavich
PAVICH LAW GROUP, PC
30 West Monroe Street
Suite 1310
Chicago, IL 60603
(312) 690-8400
rpavich@pavichlawgroup.com

Respectfully submitted,

/s/ Diana K. Simpson
Diana K. Simpson
Kirby Thomas West
John G. Wrench
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
diana.simpson@ij.org; kwest@ij.org;
jwrench@ij.org

*Attorneys for Plaintiffs Jerome Davis, Veronica Walker-Davis, Spencer Byrd, Allie Nelson, and Lewrance Gant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2022, Plaintiffs electronically filed **Plaintiffs' Response in Opposition to Defendant's Motion for a Protective Order Concerning Deposition Testimony Related to Spencer Byrd** with the Clerk of the Court using the ECF system, which will automatically serve all counsel of record.

/s/ Diana K. Simpson
Diana K. Simpson

*Attorney for Plaintiffs Jerome Davis, Veronica Walker-Davis, Spencer Byrd, Allie Nelson, and Lewrance Gant*