**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **JEROME DAVIS**, *et al*., ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **No. 19-CV-3691** |
| ) | **Honorable Lindsay C. Jenkins** |
| ) | |
| **CITY OF CHICAGO,** ) | |
| ) | |
| **Defendant.** ) | |

<u>**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**</u>

Defendant City of Chicago (the "City") respectfully moves the Court for an order granting summary judgment in the City's favor on all of Plaintiffs' claims pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support of this Motion, the City incorporates its statement of undisputed material facts and memorandum of law in support, and states as follows:

1.   Plaintiffs Lewrance Gant, Allie Nelson, and Spencer Byrd are vehicle owners whose automobiles were used in connection with unlawful activities and impounded by the City pursuant to Municipal Code of Chicago ("MCC") section 2-14-132. That ordinance authorizes the City to impound vehicles, and impose fines against vehicle owners, for an enumerated list of underlying offenses. *See* MCC ¶ 2-14-132(a)(1).

2.   The ordinance offers a number of safeguards for vehicle owners. Among other features, the ordinance: (i) requires the City to issue impoundment notices, via certified mail, within days of impoundment and (ii) permits vehicle owners to challenge impoundment through both a preliminary probable cause hearing and a final hearing on the merits at the City's Department of Administrative Hearings ("DOAH").

3.   Despite these safeguards, Plaintiffs allege that the City's application of  MCC section 2-

1

14-132 violates the Illinois and United Constitutions in a variety of ways. Although the majority of Plaintiffs' claims were dismissed by the Court at the motion to dismiss stage (*see* Dkt. 54), three claims remain: (1) a claim that the City imposed fines against so-called "innocent owners" in violation of the Proportionate Penalties Clause ("PPC") of the Illinois Constitution; (2) a claim that the City's practice of holding impounded vehicles before entry of a final judgment at DOAH violates the due process guarantees of the Illinois and United States Constitutions; and (3) a claim that the City failed to issue notices of impoundment and potential disposal of unclaimed vehicles to at least one of the Plaintiffs in violation of the Illinois and United States Constitutions.

4.  Summary judgment should be granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Here, each of Plaintiffs' surviving claims fail under both binding federal and Illinois caselaw and the undisputed record evidence.

5.  First, Plaintiffs' PPC claim fails as a matter of law. Illinois courts are clear: the PPC "appli[es] only to the criminal process where the government takes direct action to inflict punishment." *People ex rel. Birkett v. Konetski*, 909 N.E.2d 783, 799 (Ill. 2009). But the monetary fines imposed on Plaintiffs are not *criminal* sanctions—rather, as a recent decision of the Illinois Supreme Court confirms, they are *civil* penalties. *Lintzeris v. City of Chicago*, 216 N.E.3d 151, 155 (Ill. 2023). Thus, under Illinois law, the fines imposed against Plaintiffs fall categorically outside the purview of the PPC.

6.  Even if the PPC governed the civil fines levied against Plaintiffs (it does not), it was not constitutionally disproportionate to fine Plaintiffs because they were not "innocent owners"

2

lacking any culpability regarding the offenses underlying impoundment. And even if Plaintiffs could somehow be deemed "innocent," the fines imposed against them fall well short of the high bar for violating the PPC: namely, being so "cruel, degrading, or so wholly disproportionate to the offense that [they] shock[] the moral sense of the community." *People v. Brown*, 874 N.E.2d 607, 609 (Ill. App. Ct. 2007).

7. Second, the city is also entitled to summary judgment with respect to Plaintiffs' claim that the City's practice of holding vehicles pending final judgment at DOAH violates due process. While Plaintiffs assert that their claim sounds in procedural due process, it is better understood as a substantive due process claim. As such, the City need only identify "a reasonably conceivable state of facts that could provide a rational basis for the" challenged practice. *Lukaszczyk v. Cook County*, 47 F.4th 587, 602 (7th Cir. 2022); *see also Rodrigues v. Quinn*, 990 N.E.2d 1179, 1183 (Ill. App. Ct. 2013). Here, the City's practice of holding vehicles pending payment of fines and fees is amply supported by a rational basis. The prospect of either paying a fine or losing access to a vehicle encourages vehicle owners to refrain from engaging in unlawful conduct. *See Towers v. City of Chicago*, 173 F.3d 619, 627 (7th Cir. 1999) (recognizing "deterring unlawful conduct" as an important governmental purpose). Likewise, "release of the vehicle prior to disposition of the municipal proceedings would clearly undermine the City's ability to recover" fines and fees. *People v. Jaudon*, 718 N.E.2d 647, 663 (Ill. App. Ct. 1999).

8. In the alternative, Plaintiffs' vehicle holding claim also fails if construed as a procedural due process claim as recently confirmed by the United States Supreme Court, which held that owners of vehicles seized by the government are entitled to no more process than a timely final hearing on the merits. *Culley v. Marshall*, 144 S. Ct. 1142 (2024). Because the City offers both an initial probable cause hearing and a final merits hearing, it already exceeds the constitutional

3

minimum. Plaintiffs' demand for yet more process thus fails as a matter of law.

9. In light of *Culley*, the Court need not, and should not, employ the three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). But, even under that test, Plaintiffs' claim plainly fails because the three *Mathews* factors each favor the City. This is so because: (i) Plaintiffs challenge only a temporary deprivation of their vehicles, and their interests are otherwise limited or not implicated by the City's practices; (ii) Plaintiffs do not propose any alternative procedures for the City's administrative processes but instead simply demand release of all towed vehicles; and (iii) release of all towed vehicles would undermine the City's interest in deterring vehicle offenses and entail significant logistical burdens for the City.

10. Finally, Plaintiffs' claim that one or more of the Plaintiffs did not receive notice of impoundment and potential vehicle disposal is squarely foreclosed by the undisputed evidentiary record. To survive such a claim, the City need not effectuate actual notice in every impoundment case—instead, the City must only take steps that are "reasonably calculated" to apprise vehicle owners. *Dusenbery v. United States*, 534 U.S. 161, 170–71 (2002); *see also People ex rel. Devine v. $30,700.00 U.S. Currency*, 766 N.E.2d 1084, 1092–93 (Ill. 2002) (favorably citing *Dusenbery*). Both federal and state courts have deemed the mailing of notice via certified mail constitutionally sufficient in comparable contexts. *See Krecioch v. United States*, 221 F.3d 976, 981 (7th Cir. 2000); *$30,700.00 U.S. Currency*, 766 N.E.2d at 1096.

11. The undisputed evidentiary record confirms that Plaintiffs were issued, and received, several forms of notice of vehicle impoundment and potential disposal, including notices the City sent via certified mail explaining that their vehicles had been impounded and that disposal was a potential consequence. Accordingly, the City is entitled to summary judgment on Plaintiffs' notice claim.

4

12. Relatedly, Plaintiffs cannot show that any purported lack of notice stemmed from a City "policy or custom," and Plaintiffs' notice claim fails for this additional reason. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

WHEREFORE, for the foregoing reasons and those stated in the City's accompanying memorandum of law, the City respectfully requests that the Court enter summary judgment in the City's favor on all of Plaintiffs' surviving claims.

Dated:          July 10, 2024                                    Respectfully submitted,

ANDREW WORSECK
andrew.worseck@cityofchicago.org
JENNIFER ZLOTLOW                                    /s/      David B. Smith
jennifer.zlotow@cityofchicago.org                   David B. Smith
DAVID B. SMITH                                      Assistant Corporation Counsel
david.smith4@cityofchicago.org                      City of Chicago Department of Law
City of Chicago Department of Law
Constitutional and Commercial
   Litigation Division
2 North LaSalle Street, Suite 520
Chicago, Illinois 60602
(312) 744-4985

*Attorneys for the City of Chicago*