# SEVENTH CIRCUIT TRANSCRIPT INFORMATION SHEET

**PART I** – Must be completed by party or party's attorney pursuant to Rule 10(b) of the Federal Rules of Appellate Procedure. The appellant must file this form with the court reporter within 14 days of filing the notice of appeal, whether transcript is being ordered or not. (FRAP 10(b)(1)) Satisfactory arrangements with the court reporter for payment of the costs of the transcripts must also be made at that time. (FRAP 10(b)(4)) (Note: Appellees as well as appellants are expected to use this form when ordering transcripts.)

| Short Title | District | D.C. Docket No. |
|---|---|---|
| Jerome Davis, et al. v. The City of Chicago, Ilinois | Northern District of Illinois | 1:19-cv-03691 |
| | District Judge: Lindsay C. Jenkins | Court Reporter: N/A |

- [ ] I am ordering transcript.
- [x] I am not ordering transcript because: **See Attachment.**
- [ ] The transcript has been prepared.

Sign below and return original and one copy to court reporter. Distribute remaining copies to the Clerk of the District Court and opposing party, retaining one copy for yourself.

Indicate proceedings for which transcript is required. Dates must be provided:

Date(s)

- [ ] Pretrial proceedings. Specify: _____
- [ ] Voir Dire
- Trial or Hearing. Specify: _____
  - [ ] Opening statement
  - [ ] Instruction conference
  - [ ] Closing statements
  - [ ] Court instructions
  - [ ] Post-trial proceedings. Specify: _____
  - [ ] Sentencing
  - [ ] Other proceedings. Specify: _____

Method of Payment: [ ] Cash   [ ] Check or Money Order   [ ] C.J.A. Voucher
Status of Payment: [ ] Full Payment   [ ] Partial Payment   [ ] No Payment Yet

Signature: s/ Diana K. Simpson
Address: Institute for Justice
901 North Glebe Road, Suite 900, Arlington, VA 22203
Telephone No. (703) 682-9320
Date: June 10, 2025

**PART II** – Must be completed by Court Reporter pursuant to Rule 11(b) of the Federal Rules of Appellate Procedure. By signing this Part II, the Court Reporter certifies that *satisfactory arrangements for payment have been made*.

| U.S.C.A. Docket No. | Date Order Received | Estimated Completion Date | Estimated Length |
|---|---|---|---|
| | | | |

Signature of Court Reporter: s/     Date: _____

NOTICE: The Judicial Conference of the United States, by its resolution of March 11, 1982, has provided that a penalty of 10 percent must apply, unless a waiver is granted by the Court of Appeals' Clerk, when a "transcript of a case on appeal is not delivered within 30 days of the date ordered and payment received therefor." The penalty is 20 percent for transcript not delivered within 60 days.

Original to Court Reporter. Copies to: ● U.S.C.A. Clerk ● Service Copy ● District Court Clerk and to ● Party / Counsel Ordering Transcript.

## **ATTACHMENT**

      Four transcripts of hearings are available on the district court docket. The December 6, 2021 hearing on Plaintiffs-Appellants' motion to compel (Dist. Ct. Doc. 83) is available on the district court docket at docket entry 85. The March 10, 2022 status hearing (Dist. Ct. Doc. 87) is available on the district court docket at docket entry 88. The April 8, 2022 status hearing (Dist. Ct. Doc. 90) is available on the district court docket at docket entry 91. The May 19, 2023 status hearing relating to Defendant-Appellee's motion to reopen discovery (Dist. Ct. Doc. 140) is available on the district court at docket entry 144.

      There were eight other hearings in this case. One was the August 5, 2019 hearing on Plaintiffs'-Appellants' motion to remand. (Dist. Ct. Doc. 23.) The other seven hearings were status hearings related to discovery: October 27, 2020 (Dist. Ct. Doc. 61); December 17, 2020 (Dist. Ct. Doc. 65); March 5, 2021 (Dist. Ct. Doc. 66); April 16, 2021 (Dist. Ct. Doc. 67); September 9, 2021 (Dist. Ct. Doc. 70); January 21, 2022 (Dist. Ct. Doc. 84); and February 17, 2022 (Dist. Ct. Doc. 86). Plaintiffs-Appellants do not intend to order copies of the transcripts of these hearings. On appeal, Plaintiffs-Appellants intend to challenge the constitutionality of Defendant-Appellee's vehicle impoundment program. The seven status hearings involved ministerial matters that are not relevant to the appeal. Further, Plaintiffs-Appellants do not intend to challenge the district court's ruling on their motion to remand addressed at the August 5, 2019 hearing.